**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION**

| | |
|---|---|
| Cindy Zickert, Individually and as Special Administrator for the Estate of Frank Zickert, Deceased, | |
| Plaintiff, | **Case No. 14-cv-254** |
| v. | |
| 3M Company, *a corporation*; | |
| Defendant. | |

## COMPLAINT

Now comes plaintiff, Cindy Zickert ("Plaintiff"), individually and as special administrator to the Estate of Frank Zickert ("Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against 3M Company as follows:

### JURISDICTION AND PARTIES

1.  Plaintiff Cindy Zickert is the widow of decedent Frank L. Zickert and is an adult citizen and resident of Wisconsin who resides in Arpin, Wisconsin.

2.  Decedent Frank Zickert died in the state of Wisconsin on May 17, 2011. Prior to his death, decedent was an adult citizen and resident of Arpin, Wisconsin.

3.  Defendant 3M Company ("3M") designed, manufactured, and sold masks for personal breathing protection in occupational settings, including without limitation the 3M 8710 masks.

4.  Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

5.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6.      Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

7.      Decedent worked at the Marshfield plant of Weyerhaeuser Company.  His job involved making asbestos fire doors with material similar to Kaylo that contained chrysotile amosite asbestos fibers, cleanup, and disposal of the waste and scrap from such doors.  At certain times the mixing of asbestos fibers to make the cores for the fire doors was a part of the manufacturing process.

8.      Decedent worked in the mineral core building where this asbestos containing "Kaylo" was made.

9.      At all times during the period of his exposures, decedent wore a 3M 8710 mask when working in the mineral core department.  Decedent thought that the 3M 8710 mask would prevent exposures to asbestos.  Decedent did not understand or appreciate that the 3M 8710 mask did not prevent exposures to asbestos.

10.     As a direct and proximate result of the conduct of defendants, decedent suffered from asbestos related diseases, including without limitation lung cancer diagnosed on or about June 9, 2010.

11.     The asbestos disease process and injury began before April, 1994.

12.     All exposures to asbestos that decedent received contributed to and caused the decedent's asbestos related conditions.

13.     As a result of the asbestos related diseases, including lung cancer, decedent died on May 17, 2011.

14.     Decedent suffered great pain, physical impairment, and great mental pain and anguish. He is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions. Further, as a result of decedent's death, funeral,

cemetery, and related expenses and costs have been incurred.

15.     At all times, plaintiff Cindy Zickert was the wife of decedent and was cohabitating with him and was enjoying his services, companionship, society and relationship.

16.     As a result of decedent's disease and his resulting death, his next of kin have suffered and will suffer in the future pecuniary losses and have suffered and will suffer in the future a loss of society and companionship with decedent.

17.     As a direct and proximate result of the one or more of the wrongful acts or omissions of the defendants, plaintiff

   a.     has been deprived of decedent's services, companionship, society, and relationship from the time of his injury;

   b.     has been hindered and prevented from transacting and attending to her usual business and personal affairs.

18.     Plaintiff brings this claim as a wrongful death action pursuant to Wis. Stat. § 895.04 and as a survival action pursuant to Wisconsin law.

## COUNT I – PRODUCTS LIABILITY – STRICT LIABILITY

19.     Plaintiff brings this claim for strict liability against defendant 3M.

20.     Plaintiff re-states and re-alleges the allegations set forth in lines 1-18 above.

21.     Defendant was at all relevant times in the business of selling personal protective equipment, including without limitation masks.

22.     Defendants knew and expected the masks would be used to protect against the inhalation of asbestos fibers.

23.     Defendant placed its masks into the stream of commerce with the expectation that they would reach decedent and other users and consumers without substantial change in the condition they were in when they left the possession or control of defendants.

24.     Defendant's masks reached decedent without substantial or unforeseeable change in the

condition in which it was sold.

25. Decedent used defendant's masks in the condition in which they left the possession or

control of such defendants.

26. Defendant's masks were defective and unreasonably dangerous at the time it left the

possession or control of defendants in one or more of the following ways:

    a.    Failed to adequately warn decedent or others of the health hazards of asbestos which existed when wearing defendant's masks;

    b.    Failed to investigate or test for the effectiveness of the masks in preventing the inhalation of asbestos fibers;

    c.    Failed to instruct decedent, his employers, or others about the inadequacies of using the masks as precautionary measures against airborne asbestos fibers;

    d.    Defectively designed such that the masks did not adequately protect against or prevent exposure to asbestos fibers;

    e.    Failed to specify or instruct in the proper use of the masks; and

    f.    Withheld information defendant knew showed that the mask did not protect against all asbestos exposure.

27. As a direct and proximate result of the acts and omissions of the defendants above,

decedent and plaintiff were injured as described above.

## COUNT II – PRODUCTS LIABILITY – NEGLIGENCE

28. Plaintiff brings this claim for negligence against defendant 3M.

29. Plaintiff re-states and re-alleges the allegations set forth in lines 1-27 above.

30. It was reasonably foreseeable that defendant's personal protective masks would be used

to prevent exposure to asbestos.

31. Defendants knew and expected the masks would be used to protect against the inhalation

of asbestos fibers.

32. Defendants represented or held out the masks to be adequate in the protection against

inhalation of asbestos fibers during the type of operations at the Marshfield plant.

33.     The masks did not properly protect against inhalation of asbestos fibers from the operations   at the Marshfield facility.

34.     Defendant had a duty to exercise reasonable care for the safety of decedent and others who used defendants' personal protective equipment to protect against exposure to asbestos fibers.

35.     Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and/or death.

36.     Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.      Failed to adequately warn decedent or others of the health hazards of asbestos which existed when wearing defendant's masks;

    b.      Failed to investigate or test for the effectiveness of the masks preventing the inhalation of asbestos fibers;

    c.      Failed to instruct decedent, his employers, or others about the inadequacies of using the masks as precautionary measures against airborne asbestos fibers;

    d.      Defectively designed its personal protective equipment such that it did not adequately protect against or prevent exposure to asbestos fibers; and

    e.      Failed to specify or instruct in the proper use of the masks

37.     As a direct and proximate result of the acts and omissions of the defendants above, decedent and plaintiff were injured as described above.

## COUNT III – WRONGFUL DEATH

38.     Plaintiff brings this count individually and on behalf of decedent's next of kin for wrongful death against all defendants and incorporates by reference all allegations 1 - 37 above.

39.     Defendants' actions, jointly and severally, as described in the preceding paragraphs,

caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by plaintiff and decedent's next of kin.

## COUNT IV – PUNITIVE DAMAGES

40.    Defendants acted maliciously, with intentional disregard for the rights of decedent and plaintiff for which plaintiff is entitled to recover punitive damages.

## COUNT V - DECLORATORY JUDGMENT – UNCONSTITUTIONAL

41.    In 1995 Wisconsin enacted Act 17 which created restrictions on recoveries by victims of personal injuries.

42.    In 2011 Wisconsin enacted Act 2 which created restrictions on recoveries by victims of personal injuries.

43.    Plaintiff seeks a declaration that retroactive application of 2005 Act 155 and 2011 Act 2 to limit the recovery in this case is unconstitutional.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

a.    Judgment against the defendant, jointly and severally, for compensatory and general damages.

b.    Punitive damages in an amount to be determined against the defendant.

c.    A declaration that 1995 Act 17 and 2011 Act 2 are unconstitutional as applied to this case.

d.    Such further legal and equitable relief as the court orders to do justice in this case, including without limitation award of costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury.

Dated March 25, 2014

<u>/s/Michael P. Cascino</u>
Attorney for the Plaintiff
Michael P. Cascino
Cascino Vaughan Law Office, LTD
220 South Ashland Avenue
Chicago, IL 60626
(312) 944-0600
Email: mcascino@cvlo.com
Secondary Email: ecf.cvlo@gmail.com

# Exhibit A

<u>Defendant's State of Incorporation and Place of Principal Business</u>

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| 3M Company | Delaware | Delaware |